# EXHIBIT  A

# EXHIBIT  A

 CT Corporation

**Service of Process Transmittal**
08/08/2019
CT Log Number 536019967

TO: John Sullivan, Corporate Counsel
Costco Wholesale Corporation
Legal Dept., 999 Lake Drive
Issaquah, WA 98027-

RE: **Process Served in California**

FOR: Costco Wholesale Corporation  (Domestic State: WA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Benjamin Fernanado Martinez, etc., Pltf. vs. Costco Wholesale Corporation, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Civil Cover Sheet, Notice(s) |
| **COURT/AGENCY:** | Alameda County - Superior Court - Alameda, CA<br>Case # RG19022389 |
| **NATURE OF ACTION:** | Plaintiff Demand Judgment Against Defendant |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/08/2019 at 12:01 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 CALENDAR DAYS after this summons and legal papers are served on you |
| **ATTORNEY(S) / SENDER(S):** | Isandra Y. Fernandez, Esq.<br>James Hawkins APLC<br>9880 Research Drive<br>Suite 200<br>Irvine, CA 92618<br>949-387-7200 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/08/2019, Expected Purge Date: 08/13/2019<br><br>Image SOP<br><br>Email Notification,  Nicola Merrett  nmerrett@costco.com<br><br>Email Notification,  John Sullivan  JSULLIVAN@COSTCO.COM |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / AS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

*8/08.8 e 8.4/8*

**SUM-100**

# SUMMONS
## (CITACIÓN JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COSTCO WHOLESALE CORPORATION, a Washington corporation,
and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BENJAMIN FERNANDO MARTINEZ on behalf of himself and all
others similarly situated

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*
ENDORSED
FILED
ALAMEDA COUNTY
JUN 11 2019
CLERK OF THE SUPERIOR COURT
By P. Vit
Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*); your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* Alameda County Superior Court <br> 1225 Fallon St., Oakland, CA. 94612 | CASE NUMBER: <br> *(Número del Caso):* RG19022389 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
James Hawkins, APLC, 9880 Research Drive, Suite 200, Irvine, CA. 92618; 949-387-7200

| DATE: JUN 11 2019 | Clerk, by | , Deputy |
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Costco wholesale Corporation, a Washington corporation,

   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
         ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 8/08.9

Page 1 of 1

Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

James R. Hawkins, Esq. SBN 192925
Isandra Fernandez, Esq. SBN 220482
**JAMES HAWKINS APLC**
9880 Research Drive, Suite 200
Irvine, CA 92618
TEL: (949) 387-7200
FAX: (949) 387-6676

Attorneys for Plaintiff, BENJAMIN FERNANDO MARTINEZ
on behalf of himself and all others similarly situated

ENDORSED
FILED
ALAMEDA COUNTY

JUN 11 2019

CLERK OF THE SUPERIOR COURT
By _____
Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF ALAMEDA

BENJAMIN FERNANDO MARTINEZ on
behalf of himself and all others similarly
situated

    Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION, a
Washington corporation, and DOES 1 through
50, inclusive;

    Defendants.

Case No. RG19022389
ASSIGNED FOR ALL PURPOSES TO:
JUDGE:
DEPT:

**CLASS ACTION COMPLAINT**

1)  Failure to pay Lawful Wages
2)  Failure to Provide Lawful Meal
    Periods or Compensation in Lieu
    Thereof
3)  Failure to Provide Lawful Rest
    Periods or Compensation in Lieu
    Thereof
4)  Failure to Timely Pay Wages
5)  Knowing and Intentional Failure to
    Comply With Itemized Employee
    Wage Statement Provisions
6)  Violations of the Unfair Competition
    Law

**JURY TRIAL DEMANDED**

Plaintiff BENJAMIN FERNANDO MARTINEZ on behalf of himself and all others

similarly situated assert claims against Defendant COSTCO WHOLESALE CORPORATION, a

Washington corporation, and DOES 1 through 50, inclusive (hereinafter collectively referred to

as "Defendants") as follows:

- 1 -

CLASS ACTION COMPLAINT

# I.

## INTRODUCTION

1. This is a Class Action, pursuant to Code of Civil Procedure section 382, brought against Defendant COSTCO WHOLESALE CORPORATION, and any subsidiaries and affiliated companies (hereinafter "COSTCO " or "Defendant") on behalf of Plaintiff BENJAMIN FERNANDO MARTINEZ (hereinafter "Plaintiff") and all non-exempt employees employed by COSTCO in California. (hereinafter referred to as "Non-Exempt Employees" and/or "Class Members").

2. During the liability period, defined as the applicable statute of limitations for each and every cause of action contained herein, Defendants enforced shift schedules, employment policies and practices, and workload requirements wherein Plaintiff and all other Non Exempt Employees: (1) were not paid proper wages they earned for all hours they worked including minimum wage and/or proper overtime compensation; (2) were not permitted to take their full statutorily authorized rest and meal periods, or had their rest and meal periods shortened and/or provided to them late due to the scheduling and work load and time requirements placed upon them by Defendants. Defendants failed to pay such employees one (1) hour of pay at the employees regular rate of compensation for each workday that the meal period and/or rest period that was not properly provided.

3. During the liability period, Defendants have also failed to maintain accurate itemized records reflecting total hours worked and have failed to provide Non Exempt Employees with accurate, itemized wage statements reflecting total hours worked and appropriate rates of pay for those hours worked.

4. During the liability period, Defendants have also failed to pay all wages owed to discharged or resigned Class Members in a timely manner.

5. Plaintiff, on behalf of himself and all Class Members, bring this action pursuant to Labor Code sections 201, 202, 203, 204, 226, 226.7, 510, 512, 1194, 1198 and 1199 California Code of Regulations, Title 8, section 11070 *et seq.* and any other applicable Industrial Welfare

-2-

Commission ("IWC") Wage Orders, seeking unpaid lawful wages, unpaid rest and meal period compensation, penalties and other equitable relief, and reasonable attorneys' fees and costs.

6.  Plaintiff, on behalf of himself and others similarly situated, pursuant to Business and Professions Code sections 17200-17208, also seeks restitution from Defendants for their failure to pay all lawful wages owed and rest and meal period premiums to each of their Non-Exempt Employees.

## II.

## VENUE

7.  Venue as to each Defendant is proper in this judicial district pursuant to Code of Civil Procedure section 395. Defendant conducts substantial and continuous business activities in Alameda County, California and each Defendant is within the jurisdiction of this Court for service of process purposes. Defendants employ numerous Class Members in Alameda County, California.

## III.

## PARTIES

8.  Plaintiff is, and at all times mentioned in this complaint was, a resident of California.

9.  On information and belief, Defendant COSTCO, headquartered in Seattle Washington, owns and operates chain of membership only retail stores throughout California and the United States.

10.  The true names and capacities of Defendants, whether individual, corporate, associate, or otherwise, sued herein as DOES 1 through 50, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure section 474.   Plaintiff is informed and believes, and based thereon alleges that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

- 3 -

11.     Plaintiff is informed and believes, and based thereon alleges, that Defendants acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

### IV.

### FACTUAL BACKGROUND

12.     Plaintiff was employed by COSTCO from in or about January 2003 through in or about December 2018.  During his employment, Plaintiff occupied various non exempt hourly positions and was required to perform various job duties, including but not limited to, working as a cashier, fork lift driver, stocking items and building displays.

13.     During the liability period, Plaintiff was typically scheduled to work five days a week Monday through Saturday from 6:00 a.m. to 2:30 p.m. Occasionally, Plaintiff was also required to work shifts over ten (10) hours.

14.     The Costco warehouse stores are extremely large facilities with an average size of approximately over 120,000 square feet. During the week, the stores do not open until 10:00 a.m. with the exception of Saturday when they open at 9:30 a.m.  Plaintiff and Class Members who work the morning shifts are typically  required to wait to be let into the  facility and thereafter must also walk several minutes to the time keeping mechanism to clock in for the  start of their shift. Plaintiff and Class Members spend between four to seven minutes prior to the official start of the shifts for which they do not receive compensation.

15.     During the liability period, Costco implemented a  non discretionary  bonus payment plan in which Plaintiff and Class Members are paid a production bonus called "Extra Check" payment which is based on the number of years the employee has been employed with the company. Defendants pay the Extra Pay  bonuses  twice a year in or about April and October. Plaintiff is informed and believes, and based thereon alleges, that Costco did not include the production bonus in the regular rate of pay for purposes of  calculating overtime in violation of California labor laws.

- 4 -

16.     During the liability period, Defendant's policy is that breaks are scheduled depending on the business needs of the store. Plaintiff and Class Members are instructed by their supervisor/manager as to when they are to take their meal break during their work shifts.   Due to the work load requirements and time constraints resulting from the demands of work shift, Plaintiff and Class Members were required to work in excess of five (5) hours without being provided an uninterrupted thirty (30) minute meal period by the end of the fifth hour and are not compensated one (1) hour of pay at their regular rate of compensation for each workday that a meal period was not provided, in violation of California labor laws, regulations and IWC Wage Order.

17.     During the liability period, Plaintiff and Class Members received meal break premiums when a lawful meal period was not provided to them. Plaintiff is informed and believes and based thereon alleges that Costco willfully failed to include the non-discretionary bonus payment in the regular rate of pay for purposes of calculating meal break premiums as required by California labor laws, regulations and IWC Wage Order.

18.     During the liability period, Defendant's stated policy is that breaks are scheduled depending on the business needs of the store. Plaintiff and Class Members are instructed by their supervisor/manager as to when they are to take their rest break.   Due to the work load requirements and time constraints resulting from the demands of work shift, supervisors did not authorize Plaintiff and Class Members to take a minimum ten (10) minute rest period for every four hours or major fraction thereof worked. Additionally, as per Defendants' policy and practice, Plaintiff and Class Members were unlawfully required to remain on the premises during their scheduled rest breaks. Plaintiff and Class Members were not compensated one (1) hour of pay at herr regular rate of compensation for each workday that a lawful rest period was not provided, in violation of California labor laws, regulations, and IWC Wage Orders.

19.     Defendants have also failed to maintain accurate itemized records reflecting total hours worked and have failed to provide Non Exempt Employees with accurate, itemized wage statements reflecting total hours worked and appropriate rates of pay for those hours worked.

20.     On information and belief, Defendant willfully failed to pay all earned wages in a timely manner to Non Exempt Employees; nor has Defendant paid to Class Members, upon or after termination of their employment with Defendant, all compensation due, including but not limited to all wages legally owed and compensation for having failed to properly provide rest periods and meal periods.

21.     Plaintiff is informed and believes, and based thereon alleges, that Defendants currently employ and during the relevant period have employed over one thousand employees in the State of California in non-exempt hourly positions.

22.     Non-Exempt Employees employed by COSTCO, at all times pertinent hereto, have been non-exempt employees within the meaning of the California Labor Code, and the implementing rules and regulations of the IWC California Wage Orders.

## V.

## CLASS ACTION ALLEGATIONS

23.     Plaintiff seeks to represent a Class comprised of and defined as:  All persons who are or were employed by COSTCO in the state of California as non exempt employees within four (4) years prior to the date this lawsuit is filed until resolution of this lawsuit (collectively referred to as the "Class" and/or Class Members").

24.     Plaintiff also seeks to represent Subclasses which are composed of persons satisfying the following definitions:

a.      All persons who are or were employed by COSTCO in the state of California as non exempt employees, within the statutory liability period,  were not accurately and fully paid all lawful wages owed to them including minimum wages and/or proper overtime compensation for all their hours worked.

b.      All persons who are or were employed by COSTCO in the state of California as non exempt employees within the statutory liability period,  who have not been provided an uninterrupted 30 minute meal period when they worked over five hours in a work shift by the end of the fifth hour and were not provided compensation in lieu thereof;

c.      All persons who are or were employed by COSTCO in the state of

- 6 -

1   California as non exempt employees within the statutory liability period, who have not been
2   authorized and permitted a lawful ten (10) minute rest period for every four (4) hours or major
3   fraction thereof worked per day and were not provided compensation in lieu thereof;   .

4        d.     All persons who are or were employed by COSTCO in the state of
5   California as non exempt employees within the statutory liability period who were not timely
6   paid all wages due and owed to them upon the termination of their employment with
7   Defendants; and

8        e.     All persons who are or were employed by COSTCO in the state of
9   California as non exempt employees who, within the statutory liability period, were not
10  provided with accurate and complete itemized wage statements.

11       25.    Plaintiff reserves the right under Rule 3.765, California Rules of Court, to
12  amend or modify the class description with greater specificity or further division into
13  subclasses or limitation to particular issues.

14       26.    This action has been brought and may properly be maintained as a class action
15  under the provisions of section 382 of the Code of Civil Procedure because there is a well-
16  defined community of interest in the litigation and the proposed Class is easily ascertainable.

17  **A. Numerosity**

18       27.    The potential members of the Class as defined are so numerous that joinder of all
19  the members of the Class is impracticable. While the precise number of Class Members has not
20  been determined at this time, Plaintiff is informed and believes that Defendants currently
21  employ, and/or during the relevant time period employed, approximately over 1,000  Non-
22  Exempt Employees in California who are or have been affected by Defendants' unlawful
23  practices as alleged herein.

24  **B. Commonality**

25       28.    There are questions of law and fact common to the Class predominating over any
26  questions affecting only individual Class Members. These common questions of law and fact
27  include, without limitation:

28

i.     Whether, as discussed herein, Defendants violated Labor Code §§ 510, 1194 and applicable IWC Wage Orders by failing to pay the correct overtime compensation to Non-Exempt Employees who worked in excess of eight (8) hours in a work day and/or more than forty (40) hours in a workweek;

ii.     Whether Defendants also violated Labor Codes sections 200, 1194, and 1197 for failing to pay minimum wages for time spent under Defendants' control and "off the clock" without pay. Labor Code §1197 provides that employees are to be paid minimum wage for each hour worked, and cannot be averaged the minimum and the payment of a lesser wage than the established is unlawful

iii.     Whether Defendants violated Labor Code §§ 226.7, 512 and applicable IWC Wage Order by failing to provide statutorily compliant 30 minute meal periods to Non-Exempt Employees on days in which they worked in excess of 5 hours and failing to compensate said employees hour wages in lieu of meal periods;

iv.     Whether Defendants violated Labor Code §§ 226.7, 512 and applicable IWC Wage Order by failing include all remuneration including the Extra Payment amount in the regular rate of pay for purposes of calculating the meal break premium paid to Class Members.

v.     Whether Defendants violated Labor Code sections 226.7 and applicable IWC Wage Orders by failing to authorize and permit lawful 10 minute rest periods to Non-Exempt Employees for every four hours or major fraction thereof worked and failing to compensate said employees one hours wages in lieu of rest periods;

vi.     Whether Defendants violated sections 201-203 of the Labor Code by failing to pay all earned wages and/or premium wages due and owing at the time that any Non-Exempt Employees' employment with Defendants terminated

vii.     Whether Defendants violated sections 226 of the Labor Code and applicable IWC Wage Orders by failing to, among other violations, maintain accurate records of Non-Exempt Employees' earned wages, work periods, meal periods and deductions;

- 8 -

CLASS ACTION COMPLAINT

viii.      Whether Defendants violated section 17200 *et seq.* of the Business and Professions Code by failing to pay proper minimum and/or overtime wages to Non-Exempt Employees; failing to provide lawful rest and/or meal periods and failing to pay compensation in lieu thereof; failing to timely pay wages ,failing to keep accurate records all in violation of  Labor Code  §§ 201, 202, 203, 204, 226, 226.7, 510, 512, 1194, 1199 and applicable IWC Wage Orders.

ix.      Whether Defendants violated section 17200 *et seq.* of the Business and Professions Code and Labor Code sections §§ 201, 202, 203, 204, 226, 226.7, 510, 512, 1194, 1199 and applicable IWC Wage Orders which violation constitutes a violation of fundamental public policy;

**C. Typicality**

29.    The claims of the named Plaintiff are typical of the claims of the Class. Plaintiff and all members of the Class sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of California laws, regulations, and statutes as alleged herein.

**D. Adequacy of Representation**

30.    Plaintiff will fairly and adequately represent and protect the interests of the members of the Class.  Counsel who represents Plaintiff is competent and experienced in litigating large employment class actions.

**E. Superiority of Class Action**

31.    A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Each member of the Class has been damaged and is entitled to recovery by reason of Defendants' unlawful policy and/or practice herein complained of.

32.    Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

Plaintiff is unaware of any difficulties that are likely to be encountered in the management of ther action that would preclude its maintenance as a class action.

## VI.
## CAUSES OF ACTION

### First Cause of Action
Failure to Pay Lawful Wages Including Overtime Wages and Minimum Wage
(Lab. Code §§ 510, 1194, 1199)
(Against All Defendants)

33.     Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

34.     During the liability period Defendants' policies, practices and work shift requirements resulted in Plaintiff and Class Members spending time working "off the clock" and not receiving compensation for all earned wages including overtime and/or minimum wage in violation of California state wage and hour laws.

35.     During the liability period, Plaintiff and Class Members earned non discretionary bonus payments which were not factored into the regular rate of pay for purposes of calculating overtime compensation paid to Plaintiff and Class Members.

36.     During the liability period, Defendants' policies and/or practices resulted in Plaintiff and Non-Exempt Employees working off the clock and in excess of eight (8) hours in a workday and/or forty (40) hours in a workweek without receiving the proper compensation at the rate of time and one-half (1 1/2) of such employee's regular rate of pay.

37.     During the liability period, Defendants' policies and/or practices resulted in Plaintiff and Non Exempt Employees not receiving minimum wages for time spent working off the clock while subject to the control of Defendant all without pay. Labor Code §1197 provides that employees are to be paid minimum wage for each hour worked, and cannot be averaged the minimum and the payment of a lesser wage than the established is unlawful.

38.     As a result of the unlawful acts of Defendants, Plaintiff and the Class he seeks to represent have been deprived of compensation for all earned wages including minimum wage and/ or overtime wages in amounts to be determined at trial, and are entitled to recovery of such

1    amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code

2    section 1194.

3        39.    WHEREFORE, Plaintiff and the Class he seeks to represent request relief as

4    described herein and below.

5                              **Second Cause of Action**
                           Failure to Provide Lawful Meal Periods
6                             Or Compensation in Lieu Thereof
                        (Lab. Code §§226.7, 512, IWC Wage Orders)
7                                (Against All Defendants)

8        40.    Plaintiff repeats and incorporates herein by reference each and every allegation

9    set forth above, as though fully set forth herein.

10

11       41.    By their failure to provide 30 minute uninterrupted meal periods by the end of the

     fifth hour for days on which Non-Exempt employees work(ed) work periods in excess of 5 hours
12
     and failing to provide compensation for such statutorily non-compliant meal periods, Defendants
13
     violated the provisions of Labor Code §512 and applicable IWC Wage Orders.
14
         42.    By their failure to include the non discretionary bonus payments in the
15
     calculation of meal break premiums paid to Plaintiff and Class Members, Defendants violated
16
     the provisions of Labor Code §512 and applicable IWC Wage Orders.
17
         43.    By failing to record and maintain adequate and accurate time records according to
18
     sections 226 and 1174 (d) of the Labor Code, Defendants have injured Plaintiff and Class
19
     Members and made it difficult to calculate the unpaid meal period compensation due Plaintiff
20
     and Class Members.
21
         44.    As a result of the unlawful acts of Defendants, Plaintiff and the Class he seeks to
22
     represent have been deprived of premium wages in amounts to be determined at trial, and are
23
     entitled to recovery of such amounts, plus interest and penalties thereon under Labor Code
24
     §226.7.
25
         45.    WHEREFORE, Plaintiff and the Class he seeks to represent request relief as
26
     described herein and below.
27

28                              **Third Cause of Action**

                                       - 11 -

Failure to Provide Rest Periods
Or Compensation in Lieu Thereof
(Lab. Code §§226.7, IWC Wage Orders)
(Against All Defendants

46. Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

47. By their failure to authorize and permit a minimum ten (10) minute rest period for every four hours or major fraction thereof worked per day by Non Exempt Employees and /or requiring Plaintiff and Class Members to remain on premises during their rest breaks and failing to provide compensation for such non-provided lawful rest periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 226.7 and IWC applicable Wage Orders.

48. As a result of the unlawful acts of Defendants, Plaintiff and the Class he seeks to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon under Labor Code §226.7.

49. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described herein and below.

**Fourth Cause of Action**
Failure to Timely Pay Wages Due At Termination
(Lab. Code §§ 201-203)
(Against All Defendants)

50. Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

51. Sections 201 and 202 of the California Labor Code require Defendants to pay its employees all wages due within 72 hours of termination of employment. Section 203 of the Labor Code provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced. The penalty cannot exceed 30 days of wages.

52. Affected class members are entitled to compensation for all forms of wages earned, including minimum and overtime compensation and compensation for non provided

- 12 -

1   lawful rest and meal periods but to date have not received such compensation therefore entitling
2   them Labor Code section 203 penalties.

3       53.    More than 30 days have passed since Plaintiff and affected Class Members have
4   left Defendants' employ, and on information and belief, have not received payment pursuant to
5   Labor Code §203. As a consequence of Defendants' willful conduct in not paying all earned
6   wages, certain Class Members are entitled to 30 days' wages as a penalty under Labor Code
7   section 203 for failure to pay legal wages.

8       54.    WHEREFORE, Plaintiff and the Class he seeks to represent request relief as
9   described herein and below.

10
                      **Fifth Cause of Action**
11     Knowing and Intentional Failure to Comply With Itemized Employee
                   Wage Statement Provisions
12                     (Lab. Code § 226(b))
13                    (Against All Defendants)

14      55.    Plaintiff repeats and incorporates herein by reference each and every allegation
15  set forth above, as though fully set forth herein.

16      56.    Section 226(a) of the California Labor Code requires Defendants to itemize in
17  wage statements all deductions from payment of wages and to accurately report total hours
18  worked by Plaintiff and the members of the proposed class. IWC Wage Orders require
19  Defendants to maintain time records showing, among others, when the employee begins and
20  ends each work period, meal periods, split shift intervals and total daily hours worked in an
21  itemized wage statement, and must show all deductions and reimbursements from payment of
22  wages, and accurately report total hours worked by Plaintiff and the members of the proposed
23  class. On information and belief, Defendants have failed to record all or some of the items
24  delineated in Industrial Wage Orders and Labor Code §226.

25      57.    Plaintiff and Class Members have been injured by Defendants' actions by
26  rendering them unaware of the full compensation to which they were entitled under applicable
27  provisions of the California Labor Code and applicable IWC Wage Orders.
28

58. Pursuant Labor Code §226, Plaintiff and Class Members are entitled up to a maximum of $4,000.00 each for record-keeping violations.

59. WHEREFORE, Plaintiff and the Class she seeks to represent request relief as described herein and below.

**Sixth Cause of Action**
Violation of Unfair Competition Law
(Bus. & Prof. Code, §§ 17200-17208)
(Against All Defendants)

60. Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

62. Business & Professions Code Section 17200 provides:

As used in ther chapter, unfair competition shall mean and include any ***unlawful, unfair*** or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code.) (Emphasis added.)

63. Defendants' violations of the Labor Code and Wage Order provisions set forth above constitute unlawful and/or unfair business acts or practices.

64 The actions of Defendants, as alleged within this Complaint, constitute false, fraudulent, unlawful, unfair, fraudulent and deceptive business practices, within the meaning of Business and Professions Code section 17200, *et seq.*

65. Plaintiff and Class Members have been personally aggrieved by Defendants' unlawful and unfair business acts and practices alleged herein.

66. As a direct and proximate result of the unfair business practices of Defendants, and each of them, Plaintiff, individually and on behalf of all employees similarly situated, is entitled to restitution of all wages which have been unlawfully withheld from Plaintiff and members of the Plaintiff Class as a result of the business acts and practices described herein.

67. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described herein and below.

- 14 -

## VII.

## PRAYER

WHEREFORE, Plaintiff prays for judgment as follows:

1. That the Court determine that this action may be maintained as a class action;

2. For compensatory damages in an amount according to proof with interest thereon;

3. For economic and/or special damages in an amount according to proof with interest thereon;

4. For premium wages pursuant to Labor Code §§ 226.7 and 512;

5. For premium pay and penalties pursuant to Labor Code §§203,226;

6. For attorneys' fees, interests and costs of suit under Labor Code § 1194

7. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

Dated: June 10, 2019          JAMES HAWKINS, APLC

James R. Hawkins, Esq.
Isandra Y. Fernandez, Esq.
Attorneys for Plaintiff
Benjamin Fernando Martinez

- 15 -

CLASS ACTION COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | FOR COURT USE ONLY |
|---|---|
| — Isandra Y. Fernandez, SBN 220482<br>JAMES HAWKINS APLC<br>9880 Research Drive, Suite 200<br>Irvine, CA 92618<br>TELEPHONE NO.: 949-387-7200       FAX NO.: 949-387-6676<br>ATTORNEY FOR (Name): Benjamin Fernando Martinez | ENDORSED<br>FILED<br>ALAMEDA COUNTY<br><br>JUN 11 2019<br><br>CLERK OF THE SUPERIOR COURT<br>By _D.Dew_<br>Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon St.,
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, 94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME:
Benjamin Fernando Martinez v. Costco Wholesale Corporation

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ✓ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: | RG19022389 |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
✓ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ✓ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties       d. ✓ Large number of witnesses
   b. ✓ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve       e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ✓ Substantial amount of documentary evidence       f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ✓ monetary  b. ✓ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify): 6
5. This case ✓ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: June 10, 2019
Isandra Y. Fernandez
(TYPE OR PRINT NAME)                                    ▶ _[signature]_
                                                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov




CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
   domain, landlord/tenant, or
   foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-
      domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
      harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

James Hawkins APLC
Attn: Fernandez, Isandra Y
9880 Research Drive
Suite 200
Irvine, CA, 92618

Costco Wholesale Corporation

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

Martinez

Plaintiff/Petitioner(s)

VS.

Costco Wholesale Corporation

Defendant/Respondent(s)
(Abbreviated Title)

No. RG19022389

NOTICE OF HEARING

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 07/16/2019    TIME: 03:00 PM    DEPARTMENT: 23
LOCATION: Administration Building, Fourth Floor
1221 Oak Street, Oakland

Case Management Conference:
DATE: 08/20/2019    TIME: 03:00 PM    DEPARTMENT: 23
LOCATION: Administration Building, Fourth Floor
1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 23 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6939.  Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 23.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.  Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732.  No fee is charged for this service.  For further information, go to **Direct Calendar Departments** at

http://apps.alameda.courts.ca.gov/domainweb.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 23.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 23 by e-mail at Dept.23@alameda.courts.ca.gov or by phone at (510) 267-6939.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated: 06/13/2019                    Chad Finke   Executive Officer / Clerk of the Superior Court

                                     By    _____
                                                                    Deputy Clerk

---

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 06/14/2019.

                                     By    _____
                                                                    Deputy Clerk

```
┌ James Hawkins APLC              ┐    ┌ Costco Wholesale Corporation        ┐
  Attn: Fernandez, Isandra Y
  9880 Research Drive
  Suite 200
└ Irvine, CA  .92618              ┘    └                                     ┘
```

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

Martinez

                                                        No. RG19022389
                        Plaintiff/Petitioner(s)
            vs.

Costco Wholesale Corporation                            NOTICE OF HEARING
                        Defendant/Respondent(s)
            (Abbreviated Title)

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

            Complex Determination Hearing
            Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 07/16/2019    TIME: 03:00 PM    DEPARTMENT: 23
LOCATION: Administration Building, Fourth Floor
          1221 Oak Street, Oakland

Case Management Conference:
DATE: 08/20/2019    TIME: 03:00 PM    DEPARTMENT: 23
LOCATION: Administration Building, Fourth Floor
          1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 23 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6939. Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 23.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions. Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732. No fee is charged for this service. For further information, go to **Direct Calendar Departments** at

http://apps.alameda.courts.ca.gov/domainweb.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 23.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 23 by e-mail at Dept.23@alameda.courts.ca.gov or by phone at (510) 267-6939.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated:  06/13/2019                    Chad Finke, Executive Officer / Clerk of the Superior Court

                                      By    _Deannafun Oh_
                                                                        Deputy Clerk

---

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

        Executed on 06/14/2019.

                                      By    _Deannafun Oh_
                                                                        Deputy Clerk

James Hawkins APLC
Attn: Fernandez, Isandra Y
9880 Research Drive
Suite 200
Irvine, CA   92618

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Martinez | No. RG19022389 |
| Plaintiff/Petitioner(s) | Order |
| vs. | Complaint - Other Employment |
| Costco Wholesale Corporation | |
| Defendant/Respondent(s) | |
| (Abbreviated Title) | |

The Complaint - Other Employment was set for hearing on 07/16/2019 at 03:00 PM in Department 23 before the Honorable Brad Seligman.  The Tentative Ruling was published and has not been contested.

IT IS HEREBY ORDERED THAT:

Case continued to 03:00 PM on 08/20/2019 in Department 23, Complex Determination Hearing, Administration Building, 1221 Oak Street, Oakland.

Dated: 07/16/2019

digital

CourtroomClerk Jhalisa Castaneda

Order

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse

Case Number: RG19022389
Order After Hearing Re: of 07/16/2019

## DECLARATION OF SERVICE BY MAIL

I certify that I am not a party to this cause and that a true and correct copy of the foregoing document was mailed first class, postage prepaid, in a sealed envelope, addressed as shown on the foregoing document or on the attached, and that the mailing of the foregoing and execution of this certificate occurred at 1225 Fallon Street, Oakland, California.

Executed on 07/24/2019.

Chad Finke  Executive Officer / Clerk of the Superior Court

By _____

Deputy Clerk