UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN FERNANDO MARTINEZ,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>Defendant. | Case No. 19-cv-05624-EMC<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT, AND GRANTING ATTORNEY'S FEES**<br><br>Docket Nos. 52, 53 |

Benjamin Martinez ("Plaintiff," "Class Representative") and Costco Wholesale Corp. ("Defendants") have reached terms of settlement of a putative class action. The parties submitted their Settlement, which this Court preliminarily approved on July 25, 2022. Docket No. 51.

In accordance with the Preliminary Approval Order, the 31,745 class members were mailed notice of the terms of the Settlement and the opportunity to object to it or to exclude themselves from its provisions; 31,597 class members were successfully noticed (99.53%). Docket No. 52 at 2, 7. The notice procedure informed the class members of the terms of the Settlement, their right to receive an Individual Settlement Payment, their right to object to the Settlement or to elect not to participate in the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the Settlement. Notice was thus timely, adequate, and compliant with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1715. The class members responded favorably to the settlement: only 14 requested exclusion and none objected. Docket No. 52.

Pending now before the Court are Plaintiff's Motion for Final Approval of the Class Action Settlement Agreement, Docket No. 52, and Plaintiff's Motion for Attorney's Fees, Docket

No. 53. Defendants filed a statement of non-opposition to the motion for final approval of the settlement. Docket No. 54. Having received and considered the Settlement, the favorable reaction of the class members, and the papers, evidence, and argument submitted by the parties, for the reasons stated in granting preliminary approval of the proposed settlement, the Court **GRANTS** Plaintiff's motions. The Court hereby enters Judgement approving the terms of the Settlement Agreement, and it is hereby **ORDERED** that:

1. For the reasons stated in the Preliminary Approval Order, the Court determines that the proposed Class, as defined in the definitions section of the Settlement and conditionally certified by the Preliminary Approval Order, meets all of the legal requirements for class certification for settlement purposes. It is hereby ordered that the Class is finally approved and certified as a class for purposes of the Settlement.

2. The Court further determines and reaffirms herein that the terms of the Settlement are fair, reasonable, and adequate to the Class and to each Class Member and that the Class Members will be bound by the Settlement, except the fourteen Class Members who timely submitted valid elections not to participate in the Settlement in accordance with the Settlement Agreement and the Preliminary Approval Order (the "Opt-Outs"). The Opt-Outs are: Francisco Buendia, Mitchell Farrer, Marlene Hilscher, Samantha Hudson, Caleb Lee, Bradley Little, Manuel Martinez, Veronica Montejo, Minh-Ngoc Nguyen, Nicolas Ramirez, Vicki Scott, Jorge Valenzuela, Rhonda Wallace, and Jennifer Hawthorne. The Court grants final approval of the Settlement and orders that all terms and provisions of the Settlement should be and are hereby ordered to be consummated.

3. The Court determines that the Individual Settlement Payments to be paid to the Class Members, as provided for by the Settlement, are fair and reasonable. The Court gives final approval to and orders the payment of those amounts be made to the Class Members out of the Net Settlement Amount in accordance with the Settlement. The Court orders that to the extent payments made to Class Members remain uncashed 180 days after mailing, the funds represented by the uncashed checks are to be delivered to the California State Controller's Office, Unclaimed Property Division.

      4.      Settlement Administrator Atticus Administration, LLC's application for settlement administration costs request for payment in the amount of $94,159.80 is fair and reasonable. The Court gives final approval to and orders that amount be paid out of the Gross Settlement Amount in accordance with the Settlement.

      5.      Plaintiff Benjamin Martinez is appointed as Class Representatives for purposes of settlement. The Court awards the Class Representative an Enhancement Award of $6000.00 as fair and reasonable compensation for his services. The Enhancement Award will be paid from the Maximum Settlement Amount as set forth in the Settlement Agreement.

      6.      James Hawkins and Isandra Fernandez of James Hawkins APLC are appointed as Settlement Class Counsel for purposes of settlement. Upon consideration of the relevant factors, the Court grants an award of attorneys' fees in the amount of $562,500.00, representing 25% of the Maximum Settlement Amount. Class counsel's justifications of its extensive litigation work in this case are belied by the lodestar amount—$195,725. The 25% award far exceeds the lodestar. The Court finds no reason justifies exceeding the presumptive 25% benchmark for a reasonable fee award. The Court also grants $14,759.83 for class counsel litigation expenses. The attorneys' fees and costs will be paid from the Maximum Settlement Amount as set forth in the Settlement Agreement.

      7.      Upon completion of administration of the Settlement, the Settlement Administrator will provide written certification of such completion to the Court and counsel for the parties.

      8.      Pursuant to the Settlement, Plaintiff and all Class Members who did not timely opt out of the settlement are permanently barred from prosecuting against Costco and each of its former and current parent companies, subsidiaries, and affiliated corporations and entities, and each of their respective former and current employees, officers, directors, agents, attorneys, shareholders, fiduciaries, other service providers, and related persons and entities, and assigns, any of the claims released by them under the Settlement.

      9.      Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE**; with this Court retaining jurisdiction solely for purposes of (i) enforcing this Settlement Agreement, (ii) addressing settlement administration matters, and (iii) addressing such post-Judgment matters as

1  may be appropriate under court rules or applicable law.

2         10.     The Court hereby enters final judgment in accordance with the terms of the

3  Settlement Agreement, as set forth in the Order Granting Preliminary Approval of Class Action

4  Settlement filed on July 25, 2022.  Parties are reminded that within 21 days after the settlement

5  checks before stale, the parties should file a Post-Distribution Accounting with the Court,

6  providing the total settlement fund, the total number of class members, the total number of class

7  members to whom notice was sent and not returned as undeliverable, the number and percentage

8  of claim forms submitted, the number and percentage of opt-outs, the number and percentage of

9  objections, the average, median, maximum, and minimum recovery per claimant, the method(s) of

10 notice and the method(s) of payment to class members, the number and value of checks not

11 cashed, the amounts distributed to each cy pres recipient, the administrative costs, the attorneys'

12 fees and costs, the attorneys' fees in terms of percentage of the settlement fund, plaintiffs'

13 counsel's updated lodestar total, and the lodestar multiplier according to this Court's procedural

14 guidance.

15     This order disposes of Docket Nos. 52 and 53.  The Clerk shall enter judgment and close

16 the case.

17     This Court further sets a status conference for July 11, 2023, at 2:30 p.m.

19     **IT IS SO ORDERED**.

21 Dated: January 27, 2023

                                        EDWARD M. CHEN
                                        United States District Judge